**IN THE DISTRICT COURT OF THE UNITED STATES**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO. 2:24-CR-00196** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **OSHALUM GRANT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S MOTION & MEMORANDUM FOR SENTENCING VARIANCE FROM THE GUIDELINE RANGE**

## I. INTRODUCTION

COMES NOW the above named Defendant, Oshalum Grant, by and through his undersigned attorney, and moves this Honorable Court for a variance sentence, pursuant to Title 18, United States Code, Sections 3553(a) and 3661 and the United States Sentencing Guidelines (USSG).

The Defendant specifically seeks a modification of his criminal history score, reducing his Criminal History Category from III to II. The Defendant seeks the imposition of a sentence with an adjusted offense level of 17 from 25. Consequently with a criminal history category II, the guideline range would be adjusted downward to 27-33 months. Such a sentence would more accurately reflect the nature and circumstances of the Defendant's offense conduct, his criminal history and his personal history and characteristics. Furthermore as cited in 18 U.S.C. § 3553(a). Such as sentence would be "sufficient, but not greater than necessary" for an appropriate adjudication.

In addition the Defendant hereby moves this Honorable Court to depart downward from the applicable guideline range of 70-87 months on the basis that the total guideline range falls out of the heartland of cases as contemplated in United States v. Koon, 518 U.S. 81, (1996).

## II. STATEMENT OF THE OFFENSE/ GUIDELINE RANGE

On March 12, 2024 an indictment was filed naming 12 criminal defendants charging them with a total of 24 counts, with a variety of drug and firearms violations and seeking the forfeiture of assets. Mr. Oshalum Grant was named in Count One, conspiracy to possess with the intent to distribute cocaine, crack cocaine, fentanyl and methamphetamine. Subparagraph (f) of Count One only attributed a quantity of cocaine to him. Mr. Grant was named in Count 17, charging him of being a felon in possession of ammunition. A superseding indictment was filed on May 1, 2024 and a Second Superseding Indictment was filed on October 11, 2024 however, neither indictment modified or added any charges to Mr. Grant.

The Defendant was arrested on March 21, 2024 and a detention hearing was held March 27, 2024, at which time he was ordered to pre-trial detention. As of the expected date of sentencing, May 5, 2026, Mr. Grant will have been in custody for a period of 775 days, or in excess of 25 months.

On May 8, 2025 Mr. Grant withdrew his previous entered plea of Not Guilty and entered into a Plea Agreement in which he plead guilty to Count 1of the pending Second Superseding Indictment. This count charged that Mr. Grant was engaged in a conspiracy to possess with the intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a) (1) and 841 (b)(1) (c). The statutory provisions of this conviction provides for a term of imprisonment of a maximum of 20 years, a fine of $1,000,000.00, supervised release of 3 years, and a special assessment of $100.00.

The U.S. Probation Office has calculated, pursuant to the USCG, an adjusted offense level of 25 and a criminal history category of III, with a guideline imprisonment range of 70-87 months.

## III. LEGAL ANALYSIS

The factors listed in Title 18 United States Code, Section 3553(a) support a sentence lower than a guidelines sentence. In United States v. Booker, 543 U.S. 220, 226 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines is a violation of the of the Sixth Amendment. Consequently a sentencing court is now required to consider the advisory sentencing guideline range along with the statutory factors set forth in 18 U.S.C. § 3553(a), specifically:

(1) the offense and offender characteristics;

(2) the need for the sentence to reflect the basic aims of sentencing , namely, (a) "just punishment". (b) deterrence , (c) incapacitation, (d) rehabilitation;

(3) the sentences legally available;

(4) the Sentencing Guidelines;

(5) Sentencing Commission policy statements;

(6) the need to avoid unwarranted sentencing disparities; and

(7) the need for restitution.

### A. The Factors to be Considered in Imposing a Sentence

#### i. Nature & Circumstances of Offense

The Pre-Sentence Report (PSR) which was prepared detailing Mr. Grant's criminal involvement was an overstatement of his charged criminal conduct, incorrectly calculated his criminal history score and overstated his criminal history. Based on the discovery provided from the Government as as cited in the PSR, a joint Federal and State investigation was conducted by the Federal Bureau of Investigation assisted by the South Carolina Law Enforcement Division (SLED) and other law enforcement agencies, centered on drug activities in

the Colleton County region of lower South Carolina. As noted in paragraph 11 of the PSR, the investigation identified members of a criminal gang known as Get Money Cowboys Drug Trafficking Organization ( GMC DTO). Also reflected in paragraph 12 of the PSR the government utilized a wire tap to intercept telephone calls among members of this gang. Those telephone calls associated with Mr. Grant are detailed in PSR paragraphs 14-29.

A search warrant was executed by the Colleton County Sheriff's office at 14 Sheldon Court on December 27, 2023. In addition, a car located on the premises, which was occupied by Mr. Grant, was also searched.. Based on the search of the premises and automobile law enforcement located 31.74 grams of fentanyl, 20.62 grams of cocaine, 13.76 grams of cocaine base, and 310 grams of marihuana. A PA-15 rifle and ammunition was discovered in the vehicle occupied by Mr. Grant ( PSR paragraphs 30-33).

Mr. Grant's co-defendant Zaquan Ernest Hampton filed a Motion to Suppress on September 6, 2025 (ECF#701) all evidence seized pursuant to two search warrants executed by the Colleton County Sheriffs's Office, in collaboration with federal law enforcement officers, on December 21, 2023 and December 27, 2023. Mr. Hampton's motion cited that the affidavit supporting the December 21, 2023 search warrant was faulty based on a lack of probable cause. Apparently the search warrant sought the discovery of a stolen handgun which had been reported to the Colleton County Sheriff's Office as having been recovered a day or so previous. In spit of that actual knowledge that the alleged stolen firearm had indeed been recovered, law enforcement proceeded to execute the search warrant and in the process of that defective affidavit/search warrant discovered information which was the sole basis in securing a second search warrant. The execution of the second warrant yielded the evidence cited in PSR paragraphs 30-33.

Upon the filing on the above stated motion to suppress, the Court dismissed Counts 14,

15, and 16 of the Second Superseding Indictment as to Mr. Hampton. These three counts alleged that Mr. Hampton and his co-defendant Matthew Rashaun Jones on December 27, 2023, the date of the ill-fated second search warrant , possessed with the intent to distribute cocaine, crack cocaine, and fentany, Count 14; and did use and carry a firearm in relation to a drug trafficking crime, Count 15; and did possess a firearm as a convicted felon, Count 16. The evidence in support of Counts 14, 15 and 16 were recovered in th execution of the invalid search warrants. .

As noted in Count 17, Mr. Grant is charged with possessing ammunition as a convicted felon on December 27, 2023. The ammunition was located in the vehicle occupied by Mr. Grant. All of the drugs and the firearm assigned to Mr. Grant as noted in PSR Paragraphs 30, 31, 32, and 33 are from the illegal search warrant.

As noted in the Addendum to the Pre-Sentence Report, the Defendant has raised several objections to the factual basis of the drug weight assigned to him. Those objections are listed as Objections Numbers 13, 14 and 15 and are included below :

13. Paragraphs 33,50, 56, and 60: The Defendant objects to the adjusted offense level of 25 based on the assignment of 195.3 kilograms of CDW. The Defendant is being held accountable for the drugs found in a residence that he does not own, occupy or have control. The wiretaps does not support any indication that Mr. Grant was involved other than 7 ounces of cocaine. Including marijuana, fentanyl or cocaine base exceeds the definition of relevant conduct, Section 1B1.3. The only intercepted conversation which is relevant to the Defendant's conduct occurred on September 15, 2023, (PSR Paragraph 28). The 7 ounces of cocaine would provide a base offense level of 18, Section 2D1.1. Thus Paragraph 50 would be amended from level 24 to 18. Thus adjusting the levels listed in Paragraphs 56 and 25 down 6 levels.

13(a). Mr. Grant has objected to the weight of drugs assigned to him based on the evidence recovered from 14 Sheldon Court. In further support of why those drugs should not be applicable to Mr. Grant, the Defendant notes that Mr. Grant's co-defendant, Zaquann Hampton filed a motion to suppress dated September 26, 2025 (ECF #701). The motion challenged the validity of the execution of a state search warrant on the residence of 14 Sheldon Court, Walterboro, SC. The Motion addressed several blatant Constitutional violations which would render the

suppression of any evidence. The Government's response, ECF # 713, seems to indicate a concession that the evidence obtained was in violation of the Fourth Amendment., in stating that the government would not introduce evidence related to those counts (15 and 16 of the Second Superseding Indictment) against Mr. Hampton. In so far as the evidence recovered from the residence pursuant to a faulty search warrant may be tainted, thus those drugs should not be assigned to Mr. Grant.

13(b). Mr. Grant has raised several objections to references of drug amounts attributable to him based on the intercept of telephone conversation in which he was either engaged as a participant or a subject of those conversations. Without conceding those objections, the Defendant notes that the amount of drugs referenced therein is an alternate source to assign the weight of those drugs to him. Specifically, Paragraph 15 designates 3 pieces of crack cocaine or 1.5 grams; Paragraphs 15 and 27, 21grams of marijuana; and Paragraphs 21, 23, 25, 26, and 28, 330 grams of cocaine; for total converted drug weight of just over 72 kilograms. This converted weight would assign a base offense level of 20, without any enhancements, as noted in objections 14 and 15 below, and with a 3 point reduction for acceptance of responsibility (PSR Paragraphs 58 and 59) would then provide for an adjusted offense level of 17. An offense level 17 and a criminal history category III, provides for a guideline range of 30-37months.

14. <u>Paragraphs 51, 56 and 60:</u> The Defendant objects to the 2 point enhancement for the presence of a weapon. ( Section 2D1.1 (b) (1)) As noted in objection number 6 above, the discussion of a weapon was not in any way relevant to the criminal activity outlined in the indictment. The discussion in Paragraphs 17, 18 and 19 were related to an separate incident between the father of one of the co-defendants and his neighbor, individual not participants in the charged criminal activity or associated with the criminal activity. Thus, the offense levels assigned in Paragraphs 56 and 60 should be reduced by 2.

15. <u>Paragraphs 52, 56 and 60</u>: The Defendant objects to the 2 point enhancement for the presence of a weapon. ( Section 2D1.1(b) (2). As noted in objection number 6 above, the discussion of a weapon and coming to the aid of one of the co-defendant's father was assaulted by his neighbor was not in any way relevant to the criminal activity outlined in the indictment. The discussion in Paragraphs 17, 18 and 19 were related to an separate incident between the father of one of the co-defendants and his neighbor, individual not participants in the charged criminal activity or associated with the criminal activity. Thus, the offense levels assigned in Paragraphs 56 and 60 should be reduced by 2.

In summary, removing the amount of drugs assigned to Mr. Grant and the discovery of the firearm/ammunition from the execution of the faulty search warrant would significantly

reduce Mr. Grants base offense level to 24 to 20 (PSR Paragraphs 33 and 50). Applying only the amount of drugs associated from the intercepted telephone calls would amount to a total of 76.73 Kilograms of converted drug weight (CDW): 3 grams crack cocaine- PSR Paragraph # 15; 322 grams cocaine- PSR Paragraphs 21, 23, 25, 26, 28; and 21 grams marijuana-PSR Paragraphs # 16, 27. In addition removing the two enhancements for possession of dangerous weapon ( PSR Paragraph 51 and credible threat of violence, (PSR Paragraph 52), and subtracting three points for timely acceptance of responsibility would calculate an adjusted offense level of 17.

The Defendant also asserts that his criminal history category should be reduced from a Category III to category II. As noted in PSR Paragraphs 39, 40, 41 and 42, Mr. Grant is assigned 5 criminal history points, which places him in a Criminal History Category III. The Defendant entered a pleasof guilty and was sentenced on February 13, 2015, at the age of 17, to Burglary 2nd Degree and Assault and Battery by Mob, 3rd Degree. As provided by South Carolina Code of Laws 16-3-210 (D) : "(D) Any act of violence inflicted by a mob upon the body of another person, which results in bodily injury to the person, shall constitute the misdemeanor crime of assault and battery by mob in the third degree and, upon conviction, an offender shall be punished by imprisonment for not more than one year.".

As listed in PSR paragraph 40, the Probation Officer assigned 2 criminal history points on the basis that this offense is categorized by South Carolina law as a one year misdemeanor. Also noted however, is that Mr. Grant received for his conviction time served of 307 days as of February 13, 2015.

According to U.S.S.G. 4 A1.2 *Definitions and Instructions for Computing Criminal* History and (d) *Offenses Committed Prior to Age Eighteen-*

"(1) If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under §4A1.1(a) for each such

sentence.

"(2) In any other case,

(A) add 2 points under §4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense;

(B) add 1 point under §4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in subparagraph (A).

Mr. Grant's sentence for the assault charge was imposed on February 13, 2015 and his sentence was ended on that date based on him receiving credit of time previously served. The Defendant's conduct did not occur within the 5 year window of 4A1.2 (d) (2).

The Defendant's criminal conduct in this indictment is described in detail through PSR Paragraphs 14-32. The earliest date of any associated criminal conduct iIs July 31, 2023 and the latest date is December 27, 2023. In order for the 2 criminal history points to be eligible, Mr. Grant's conduct would have had to commence no later than February 14, 2018. Thus the application of the 2 criminal history points in PSR Paragraph 40 need to be eliminated and PSR Paragraph 41 and 42 must be amended to reflect a total history score of 3 and a criminal history category of II.

If no other objection is adopted by the Court, and his criminal history category is adjusted from III to II, then at the very least PSR Paragraph 73 is to be amended to reflect a total offense level of 25, criminal history category II, guideline range of 63-78 months, not 70-87 months.

As an addition note, U.S.S.G, Section 4B1.2 provides a definition for a "prior felony conviction"**.** This definition does not distinguish the whether the word "prior" as to the conviction having occurred on separate dates or being separate offenses. It is clear that the Defendant was convicted by a guilty plea and sentenced on the same day for both of these offenses.

**IV. Title 18 U.S.C. Section 3553 Considerations**

Title 18 U.S.C. § 3553(a), specifically provides that a sentencing court consider the following characteristics before imposing a sentence: (1) the offense and offender characteristics; (2) the need for the sentence to reflect the basic aims of sentencing , namely, (a) “just punishment”. (b) deterrence , (c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need for restitution.

Mr. Grant is 29 years old. He has been in pre-trial confinement since March 21, 2024 for a total of 775 days, or in excess of 25 months. He has not be eligible to take part in any drug related treatment or counseling program at the county detention center. He is the father of two small children. He was gainfully employed at the time of his arrest with Yellowstone Landscaping from 2018 to 2024. (PSR Paragraph 70) He moved out of the Walterboro area to the Midlands in December 2023.

In preparation of the Defendant’s detention hearing in March 204 the undersigned interviewed several of his co-workers who stated in summary that Mr. Grant was known “... as a hard worker who has proven to be a reliable and a trustworthy employee. He has been entrusted to serve as a crew leader which requires him to demonstrate a level of responsibility .” He has financially and emotionally supported his two young children( PSR Paragraphs 63-64). He has experienced and survived traumatic episodes in his life as a young child (PSR Paragraphs 62 and 66).

The purpose of any sentence is to serve as both as a deterrence and rehabilitation. A guiding principle is fairness- to ensure a just punishment. Sometimes in our criminal justice system basis fairness should simply kick in. Sentencing Guidelines are not hard and fast technical

rules that are applied in a robotic fashion. Sentencing Courts have any overriding duty to be fair. The calculation of the CDW is overstated as to his true conduct . His criminal history category has been mis-calculated. The basic factors rules outlined in Title 18, United States Code ,Section 3553 states in pertinent part that: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2...".

**VI. CONCLUSION**

Due to the factors brought forth in this motion and in compliance with the requirements of the Sentencing Reform Act, Oshalum Grant respectfully petitions this Court for either a variance or a departure from the offense level of 25 to an adjusted offense level 17, and that his Criminal History Points be reduced from 5 to 3, thus amending his Criminal Category III to II and consequently reducing his guideline range to 27-33 months.

Respectfully submitted,

s/ A. Peter Shahid, Jr.

A. Peter Shahid, Jr., Esquire
SHAHID LAW OFFICE, LLC
Federal ID No. 5286
781 Meeting Street, Suite A
Charleston, SC 29401
(843) 853-4500

ATTORNEY FOR THE DEFENDANT

April 27, 2026